*CROFT vs. McKNEELY & AL.*

Until a failure or inshlvency, the right to seize the undivided interest in partnership property of one of the partners cannot be doubted.

APPEAL from the court of the third district, the judge of the eighth presiding.

In 1827, the firm of Allyn & Babcock obtained a judgment against the plaintiff for two hundred twenty dollars and fifty-seven cents ; and in 1828, Andrew Skillman obtained a judgment against Babcock in his indvidual capacity. Execution issued against Babcock, and the sheriff seized and sold his undivided interest in the judgment which the firm of Allyn & Babcock had obtained against the plaintiff. At the sale, the plaintiff became the purchaser. Allyn & Babcock having issued execution for the full amount of their judgment against the plaintiff, and the latter believing it was extinguished in part by his purchase of Babcock's interest, obtained an injunction, which was made perpetual, upon the trial of the cause in the court below. Allyn appealed.

MATHEWS, J. delivered the opinion of the court. This is a case in which the plaintiff

Eastern District
*March*, 1830.

CROFT
*vs.*
McKNEELY
& AL.

prayed for and obtained an injunction *to stay* proceedings in an execution levied on his property by the sheriff of East Feliciana, at the instance of Allyn & Babcock, who had previously obtained a judgment against him. The injunction was made perpetual by a decree of the court below, after a hearing of the cause on *its* merits, from which Allyn, one of the partners of Allyn & Babcock, appealed.

The principal facts of the case, as shown by the record, appear *to be the* following: Allyn & Babcock obtained a judgment against the present plaintiff. Afterwards, Andrew Skillman got a judgment, joint and several, against Babcock and several other persons, on which he caused an execution to be issued; and, amongst other property of the defendant, Babcock, was seized and sold his interest in the judgment which Allyn & Babcock had previously obtained against Croft. At the sheriff's sale, Croft became the purchaser of Babcock's right, title and interest in the judnment which had been obtained against him, as above stated, by Allyn & Babcock.

This purchase, he alleges, conveyed *to* him one half of the amount of said judgment, and to that extent extinguishes the claim

against him by the firm of Allyn & Babcock, by confession.

Eastern District.
*March*, 1830.

CROFT
*vs.*
McKNEELY
& AL.

The only legal question in the cause is, whether the undivided interest of Babcock in the judgment was lawfully seized under Skilman's execution. This question, we think, must be decided affirmatively    Until a failure, or insolvency, the right to seize the undivided portion or interest in partnership property of one of the partners, cannot be doubted ; and in the present case there is no evidence of bankruptcy.

*Until a failure or insolvency, the right to seize the undivided interest in partnership property of one of the partners, cannot be doubted.*

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.